UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORAN PETERSON,

          Plaintiff,

v.

RAVINDRA POLAVARAPU, et al.,

          Defendants.

Case No. 2:20-cv-13266

HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART THE
MOTION TO ALTER, RE-OPEN, OR MAKE A FINAL JUDGMENT [33]**

In July 2021, the Court granted two motions for summary judgment or to dismiss. ECF 27. Plaintiff later moved for an extension of time to file a reconsideration motion of the Court's recent opinion and order granting the two motions to dismiss. ECF 30, PgID 326. The Court denied the motion because the Court lacked the power to enlarge time to move for reconsideration. ECF 31, PgID 328.

Plaintiff recently moved under Federal Rule of Civil Procedure 54(b). ECF 33. The motion asked that the Court issue a final judgment and "re-open, alter[,] and reverse each ruling" from the July 2021 order. *Id.* at 333, 337. Defendants did not respond to the motion, and the Court will therefore consider the motion unopposed. The Court need not hold a hearing because Plaintiff is in prison. E.D. Mich.

1

L.R. 7.1(f)(1). For the following reasons, the Court will grant in part and deny in part the motion.

I. Request to Revise July 2021 Order

"[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry" of a final judgment. Fed. R. Civ. P. 54(b). Courts should not take up lightly the task of revising their previous orders. Public policy dictates "that litigation be decided and then put to an end," and courts should deviate from their prior rulings only when they find "some cogent reason" to do so. *Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973) (internal citation omitted).

Courts will reconsider an interlocutory order "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citation omitted). Plaintiff has identified no change of controlling law, *see* ECF 33, and the Court is unaware of controlling law changing since July 2021. But Plaintiff offered new evidence about whether he exhausted his administrative remedies. *Id.* at 333, 339. The evidence appears to be an order from a Michigan state judge affirming a decision to involuntarily treat Plaintiff with psychotropic medication. *Id.* at 339. But only the first page of the order is included. *Id.* Besides, the order fails to show that Plaintiff exhausted his administrative remedies specifically against Defendants Emami, Zimmerman, Zell, Washington, and Zaha for the claims asserted in the complaint. *See id.* The Court

2

dismissed the claims against those Defendants because Plaintiff did not exhaust his administrative remedies against those Defendants. ECF 27, PgID 292–98. Put simply, Plaintiff's new evidence does not undermine the Court's prior order and is not a basis for the Court to reconsider the order.

Next, Plaintiff appeared to offer two grounds for why the Court should correct a clear error of law or prevent manifest injustice. First, Plaintiff asserted that he did not respond to the motions to dismiss and for summary judgment because the Court did not enter "a case management order giving counsels permission to file anything" or order Plaintiff "to reply to counsels motions." ECF 33, PgID 333. But Local Rules outline when responses to motions are due. E.D. Mich. L.R. 7.1(e). Because Local Rules outline the briefing schedules for motions, the Court does not issue case management orders. Pro se litigants, like Plaintiff, cannot flout ordinary civil litigation rules. *See Branham v. Micro Comput. Analysts*, 350 F. App'x 35, 38 (6th Cir. 2009) ("[F]ederal courts 'have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'") (citation omitted). Plaintiff should review the Federal Rules of Civil Procedure, the Local Rules, and the Court's Practice Guidelines before proceeding with litigation. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (explaining that pro se litigants are expected to follow the Court's procedural rules). Because Plaintiff's failure to respond to the motions is his oversight, there is no manifest injustice.

3

Last, Plaintiff identified several alleged legal issues that he claimed were clear errors of law. All the alleged issues are not clear errors of law.

First, Plaintiff cited law that allows prisoners to seek injunctive relief against state officials in their official capacities. ECF 33, PgID 334. True enough. *See Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013). But Plaintiff asserted injunctive relief against the Michigan Department of Corrections ("MDOC")—not state officials. ECF 1, PgID 5 (requesting that the Court "[i]ssue an injunction against the MDOC and Corr. Mental Health orderings" so "[t]hat they create a policy in which requires an investigation of the facts in which are used to panel a prisoner."). What is more, Plaintiff again asserted that he wanted to sue MDOC for injunctive relief. ECF 33, PgID 334 ("The court erred where the MDOC can be sued for injunctive relief.").

Second, Plaintiff relied on non-binding precedent to claim that the Court erred in the deliberate indifference ruling. *Id.* at 335–36. Put differently, Plaintiff does not agree with how the Court applied law, which does not qualify as a clear error. *Elite Int'l Enter., Inc. v. Patton Wallcoverings, Inc.*, No. 12-14620, 2014 WL 12660034, at *1 (E.D. Mich. Sept. 22, 2014).

Third, Plaintiff believed that the Court erred when it dismissed the Michigan gross negligence claim. *Id.* at 336. But Plaintiff cannot overcome the case law that "[i]n Michigan, 'gross negligence' 'is not an independent cause of action.'" ECF 27, PgID 301 (collecting cases).

4

And fourth, Plaintiff disagrees with how the Court applied the law to the intentional infliction of emotional distress claim. ECF 33, PgID 336–37. Again, mere disagreement with how the Court applies the law is not a clear error of law. The Court will therefore deny the request to amend the July 2021 order, ECF 27.

II. Request to Issue Separate Judgment

Under Rule 54(b), the Court "may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the [C]ourt expressly determines that there is no just reason for delay." Historically, federal courts discourage piecemeal appeals. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). "Determining whether there is no just reason for delay under Rule 54(b) 'requires the district court to balance the needs of the parties against the interests of efficient case management.'" *In re Fifth Third Early Access Case Advance Litig.*, 925 F.3d 265, 275 (6th Cir. 2019) (quotation omitted). The Court must consider several factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Id.* (quotation omitted).

Here, the only unadjudicated claims relate to Dr. Polavarapu. ECF 27, PgID 304. The adjudicated claims applied to Dr. Polavarapu, *id.* at 299–304, injunctive relief against the MDOC, *id.* at 291, and Defendants Emami, Washington,

5

Zimmerman, Zell, and Zaha, *id.* at 292–98.[1] The adjudicated claims against Dr. Polavarapu for Eighth Amendment deliberate indifference and state law violations were dismissed for failure to state a claim. *Id.* at 305. The injunctive relief against the MDOC was barred by the Eleventh Amendment. *Id.* at 291. And the adjudicated claims against Defendants Emami, Washington, Zimmerman, Zell, and Zaha were all barred by exhaustion of administrative remedies under the Prison Litigation Reform Act ("PLRA"). *Id.* at 292–98. At bottom, the adjudicated claims against Dr. Polavarapu have nothing in common with the adjudicated claims against the other Defendants or the MDOC injunctive relief. *Compare id.* at 299–304, *with id.* at 291–98.

Because the PLRA exhaustion claims and the MDOC injunctive relief differ and are unlikely to be mooted or reviewed for a second time in the future, the Court will issue judgment as to those claims. The Court, however, will not issue judgment for the claims as they relate to Dr. Polavarapu because doing so would be inequitable. Dr. Polavarapu would be forced to defend not only the present litigation but also an appeal at the same time. *See Curtiss-Wright Corp.*, 446 U.S. at 8 (The Court must consider the "judicial administrative interests as well as the equities involved."). In short, there is a "just reason for delay[ing]" judgment as to Dr. Polavarapu. *Lowery v. Fed. Express Corp.*, 426 F.3d 817, 821 (6th Cir. 2005). The Court will therefore

---

[1] All monetary relief against Defendants in their official capacities was sua sponte dismissed in the screening process. ECF 8, PgID 88 (quoting *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) ("[S]overeign immunity bars a § 1983 suit for monetary damages against an official in his official capacity.")

6

grant in part the motion and order the Clerk of the Court to issue judgment as to Defendants MDOC, Emami, Washington, Zimmerman, Zell, and Zaha.

**WHEREFORE**, it is hereby **ORDERED** that the motion to alter, re-open, or make final judgment [33] is **DENIED IN PART AND GRANTED IN PART**.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **ISSUE** judgment as to Defendants MDOC, Emami, Washington, Zimmerman, Zell, and Zaha.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 15, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 15, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager