UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORAN PETERSON,

          Plaintiff,

v.

RAVINDRA POLAVARAPU, et al.,

          Defendants.

Case No. 2:20-cv-13266

HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER**
**GRANTING SUMMARY JUDGMENT [45]**

Plaintiff Toran Peterson, an inmate confined to the Michigan Department of Corrections ("MDOC"), filed a pro se complaint against Defendant Ravindra Polavarapu, an MDOC psychiatrist. ECF 1. Plaintiff claimed Defendant violated his First, Eighth, and Fourteenth Amendment rights. *Id.* at 4–5. Plaintiff also alleged various State law claims—intentional infliction of emotional distress, willful and wanton misconduct, gross negligence, abuse, and neglect of mental health. *Id.* The Court dismissed every claim against Defendant except for the First Amendment retaliation claim and the Fourteenth Amendment due process claim. ECF 27, PgID 304–05. Defendant moved for summary judgment on the remaining claims. ECF 45. Plaintiff opposed the motion. ECF 50. For the following reasons, the Court will grant summary judgment to Defendant.[1]

---

[1] Because Plaintiff is a pro se prisoner, the Court need not hold a hearing. E.D. Mich. L.R. 7.1(f)(1).

## BACKGROUND

Plaintiff's claims arise from Defendant's involuntary treatment order that required Plaintiff to take Haldol, an antipsychotic medication used to treat schizophrenia. *See* ECF 1. During the first appointment, Defendant evaluated Plaintiff. ECF 45-1, PgID 475–79. Defendant noted that Plaintiff had "severe thoughts of self-harm and audio hallucinations," had been diagnosed with paranoid delusions, and hoarded medication. *Id.* at 476. Defendant concluded that Plaintiff met the criteria for schizoaffective disorder and changed Plaintiff's diagnosis accordingly. *Id.* During the same visit, nursing staff informed Defendant that Plaintiff was refusing his antipsychotic medication. *Id.* at 478. As a result, Defendant noted that "[i]f he meets the criteria for [an involuntary treatment order] it will be considered." *Id.*

On January 30, Jonathon Forgiel, a limited license psychologist, evaluated Plaintiff. *Id.* at 481–84. Forgiel reviewed Plaintiff's medical records and observed that when Plaintiff refused his antipsychotic medication, he had a history of attempted suicide, disorganized speech, threats, and assaults. *Id.* at 483.

That same day, Defendant performed a comprehensive psychiatric evaluation on Plaintiff. *Id.* at 485. Defendant noted that Plaintiff had continued to refuse his antipsychotic medication. *Id.* Defendant offered to provide Plaintiff with alternative medication options, including Haldol. *Id.* Plaintiff declined. *Id.* As Defendant put it, "[because] this inmate is dangerous to [himself] and is unable to function normally in

the unit[,] it has been decided by [medical staff] to panel this inmate for [involuntary] treatment." *Id.* at 486.

Plaintiff told Defendant on January 30 that he had planned to file a Prison Rape Elimination Act ("PREA") complaint against him. ECF 50, PgID 617. Sometime after the January 30 evaluation, Defendant learned that Plaintiff had indeed filed a PREA complaint and that MDOC was investigating. ECF 45-2, PgID 542.

A few days later, Plaintiff attempted suicide by swallowing fifty-three aspirin. ECF 45-1, PgID 488. Forgiel later conducted a suicide risk assessment on Plaintiff. *Id.* at 498–99. During the assessment, Forgiel informed Plaintiff that paneling for an involuntary treatment order had begun before Plaintiff's suicide attempt. *Id.* at 499. He also advised Plaintiff that the paneling process would continue. *Id.* On the same day, Defendant noted that Plaintiff was supposed to be paneled for the involuntary treatment order that day, but given Plaintiff's hospitalization from the suicide attempt, the paneling was postponed. *Id.* at 500.

The next week, Plaintiff filed another grievance against Defendant for "retaliation[,] falsifying documents, and corruption." ECF 19-2, PgID 254. MDOC denied Plaintiff's grievance at Step I, II, and III in the appeals process. *Id.* at 246–54.

Two days later, both Plaintiff and Defendant attended the involuntary treatment order hearing. ECF 1, PgID 3. At the hearing, Plaintiff questioned Defendant. *Id.* Although Defendant answered some questions, Defendant allegedly refused to answer others. *Id.* Plaintiff also maintained that Defendant lied about Plaintiff's medical diagnosis in retaliation for the grievances Plaintiff filed against

3

him. *Id.* The panel ultimately approved the involuntary treatment order. *Id.* Plaintiff eventually appealed the panel's decision. ECF 1, PgID 8. The MDOC Mental Health Programs Director designee promptly denied the appeal. *Id.*

## LEGAL STANDARD

The Court must grant a summary judgment motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party must point to specific portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a summary judgment motion, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the non-moving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citations omitted).

In this case, Plaintiff's verified complaint carries "the same force and effect as an affidavit" for summary judgment purposes. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)). "[F]or inferences, thoughts, and opinions to be properly included in a Rule 56 affidavit, they must be premised on firsthand observations or personal experience, and established by specific facts." *Giles v. Univ. of Toledo*, 214 F.R.D. 466, 469 (N.D. Ohio 2007) (collecting cases).

## DISCUSSION

"The only remaining claims are the First Amendment retaliation and Fourteenth Amendment due process claims against Polavarapu." ECF 27, PgID 304 (citation omitted). The Court will grant summary judgment on each claim in turn.

I. <u>First Amendment Retaliation</u>

To start, a plaintiff must establish three elements for a First Amendment retaliation claim: "(1) the plaintiff engaged in constitutionally protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 539 (6th Cir. 2012) (quotation omitted). Defendant does not dispute the first element. ECF 45, PgID 450. The Court will grant summary judgment based on the third element.

The Court must liberally construe a pro se litigant's pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). The complaint claimed that

Defendant had retaliated by "changing my diagnosis due to the fact that I filed a grievance against him." ECF 1, PgID 4. Plaintiff later clarified that the grievance was the PREA grievance. ECF 50, PgID 617.

"If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgement." *Maben v. Thelen*, 887 F.3d 252, 262 (6th Cir. 2018) (citation omitted). Defendant changed Plaintiff's diagnosis on January 6. ECF 45-1, PgID 476. Defendant did not become aware that Plaintiff had filed a PREA grievance until sometime after January 30. ECF 45-2, PgID 542. Because Plaintiff's diagnosis changed well before Defendant learned about the PREA grievance, the diagnosis is not a retaliatory action.

Yet Plaintiff responded that the "[m]ental [h]ealth [r]ecords were 'clearly changed.'" ECF 50, PgID 616. In support, Plaintiff pointed to the January 30 document from Defendant that noted "[a]s he meets the criteria [for] [s]chizoaffective disorder it will be changed." *Id.* at 617; *see also* ECF 45-1, PgID 486. According to Plaintiff, the diagnosis change was "really done on Feb. 7, 2020, then back dated after being served." ECF 50, PgID 617. Plaintiff also stated that "it will be changed represents present tense meaning, it hasn't been changed to date." *Id.* at 617 (cleaned up).

Despite those arguments, Plaintiff's claim fails. Although Plaintiff filed a verified complaint, Civil Rule 56(c)(4) provides, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge [and] set out facts that would be admissible in evidence." Federal Rule of Evidence 602 also provides,

6

"[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Because Plaintiff lacks personal knowledge, *see generally* ECF 50, that the "[m]ental [h]ealth [r]ecords were 'clearly changed,'" *id.* at 616, his bare allegation cannot create a genuine issue of material fact. *See* 10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (4th ed. 2022) (internal footnotes omitted) (explaining that "ultimate or conclusory facts and conclusions of law . . . cannot be utilized on a summary-judgment motion.").

Next, Plaintiff's argument that "will" meant that Defendant had not officially changed the diagnosis and did so only in retaliation, ECF 50, PgID 617, is conclusory. "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009) (citation omitted). Plaintiff has provided no supporting facts to show that "will" in the January 30 document meant that Defendant did not officially change the diagnosis until after he found out Plaintiff filed a PREA grievance. After all, documents from *before* January 30 show that Defendant already diagnosed Plaintiff with schizoaffective disorder. *See* ECF 45-1, PgID 480. All told, Plaintiff's reading of "will" cannot create a genuine issue of material fact. *See Lewis v. Philip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004) (noting that conclusory statements supported by "speculation, conjecture, or fantasy" cannot survive summary judgment) (citation omitted).

In sum, Plaintiff's protected conduct did not motivate Defendant's conduct. The Court will thus grant summary judgment to Defendant on the First Amendment retaliation claim.

II. <u>Due Process</u>

Plaintiff alleged that Defendant lied and refused to answer his questions during the involuntary treatment order proceeding, and thus violated his Fourteenth Amendment right to due process. ECF 1, PgID 4. Defendant first urged the Court to find that because Plaintiff did not respond to the due process arguments, Plaintiff has abandoned the claim. ECF 51, PgID 629–30; *see Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) ("[A] plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment.") (collecting cases). Indeed, Plaintiff did not respond to the due process claim, *see* ECF 50, and thus the claim is abandoned. But, for thoroughness, the Court will grant summary judgment on the Fourteenth Amendment claim because Defendant did not violate Plaintiff's due process rights during the involuntary treatment proceeding.

Prisoners possess "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v. Harper*, 494 U.S. 210, 221–22 (1990) (collecting cases); *see also Cruzan ex rel. v. Mo. Dep't of Health*, 497 U.S. 261, 278 (1990) ("[A] competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment.").

8

Even so, "the Constitution does not prohibit the State from permitting medical personnel to make the decision [to administer antipsychotic drugs] under fair procedural mechanisms." *Harper*, 494 U.S. at 231 (citation omitted). Thus, the Court must determine whether the procedural mechanisms in the MDOC Policy Directive 04.06.183 satisfied Plaintiff's right to procedural due process. *See Harper*, 494 U.S. at 228 (holding that the policy's written protections must satisfy procedural due process for a procedural due process claim to succeed).

The Directive allows prisons to involuntarily treat prisoners if "a psychiatrist's certificate [is] executed which states whether the prisoner is mentally ill," the psychiatrist concludes that the prisoner "is a present danger to himself [] or to others," "the prisoner refuses treatment," and the psychiatrist orders "involuntary administration of psychotropic medication pending the convening of a Hearing Committee." ECF 54-4, PgID 570 ¶¶Q–R. The Directive also outlines several other requirements. For instance, the prisoner has a right to attend the hearing. *Id.* at 571 ¶X. The prisoner can present evidence and witnesses and may cross-examine witnesses. *Id.* And the prisoner can appeal the committee's decision to the Director of the Corrections Mental Health Program and can appeal the Director's decision to the State circuit court. *Id.* ¶DD.

The Directive satisfies procedural due process requirements. Plaintiff attended the hearing, cross-examined Defendant, and appealed the committee's decision. *See*

9

*generally* ECF 1.[2] Plaintiff has failed to allege any facts that show he was denied the protections in the Directive. *See generally id.* For that reason, the Court will grant summary judgment to Defendant on the Fourteenth Amendment claim. *See George v. Kenison*, No. 1:22-cv-125, 2022 WL 1222657, at *6 (W.D. Mich. Apr. 26, 2022) ("[T]he MDOC policy [04.06.183] . . . satisfies procedural due process.").

## CONCLUSION

Plaintiff's response brief requested that the Court afford him leave to amend his complaint to add Angela Holman as a defendant, to compel Defendant to turn over a tape recording of the involuntary treatment hearing, and to reinstate his already-dismissed State law claims. ECF 50, PgID 618.

The Court will first deny the request to amend the complaint. *See Campbell v. Univ. of Louisville*, 862 F. Supp. 2d 578, 583 (W.D. Ky. 2012) (quotation omitted) (collecting cases) ("A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment.").

Because the Court already denied Plaintiff's motion to extend time for discovery, ECF 44, and discovery has already concluded, the Court will deny the request to compel Defendant to turn over the tape recording. *See Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (quotation omitted) ("A district court

---

[2] Defendant's simple refusal to answer Plaintiff's questions does not create a due process violation. To be sure, Plaintiff had the opportunity to question Defendant and Plaintiff could have even used Defendant's refusal to answer questions to bolster his case on appeal.

may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery.")

What is more, the Court has already denied Plaintiff's motion to reinstate his Eighth Amendment and State law claims. ECF 34. Plaintiff has not presented new arguments for those claims, *see generally* ECF 50, and so the Court will deny the request.

Last, the Court will also deny Plaintiff leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* 28 U.S.C. § 1915(a)(3).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the summary judgment motion [45] is **GRANTED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 27, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 27, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager